MDR

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Scott Riley Dolezal,                    )    No. CV 08-2361-PHX-DGC (LOA)
                                        )
            Plaintiff,                  )    **ORDER**
                                        )
vs.                                     )
                                        )
Vice Chief Justice Berch, Arizona)
Supreme Court; et al.,                  )
                                        )
            Defendants.                 )
_____ )

On December 29, 2008, Plaintiff Scott Riley Dolezal, who is confined in the Maricopa County Towers Jail, filed a document entitled "Claim for Relief" (Doc. #1), a "Request to Proceed *In Forma Pauperis*" (Doc. #3), and a "Declaration in Support of Request to Proceed *In Forma Pauperis* (Doc. #4).

**I.    Request to Proceed *In Forma Pauperis* and Claim for Relief**

It is unclear whether Plaintiff intended to file his case as a civil rights lawsuit or a habeas corpus petition.  In either situation, however, Plaintiff was required to use a court-approved form when seeking to proceed *in forma pauperis* and a court-approved form when filing a civil rights lawsuit or a habeas corpus petition.  See LRCiv. 3.4(a) and 3.5(a).  He did not do so.  Therefore, the Court will deny without prejudice the Request to Proceed and will dismiss without prejudice  Plaintiff's "Claim for Relief."   The Court will give Plaintiff 30 days to determine whether he intends to file a civil rights lawsuit or a habeas corpus petition, either pay the appropriate filing fee or complete the appropriate Application to Proceed *In Forma Pauperis*, and file an amended complaint or amended petition on the appropriate

1   court-approved form.  The Court will direct the Clerk of Court to provide Plaintiff with the

2   court-approved forms.

3   **II.    Leave to Amend**

4          Regardless of whether Plaintiff treats this lawsuit as a civil rights action or a habeas

5   corpus petition, he is advised that the amended complaint or amended petition must be

6   retyped or rewritten in its entirety on the court-approved form and may not incorporate any

7   part of the original "Claim for Relief" by reference.  Any amended complaint or amended

8   petition submitted by Plaintiff should be clearly designated as such on the face of the

9   document.

10         An amended complaint or amended petition supersedes the "Claim for Relief." Ferdik

11  v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner &

12  Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the original pleading is

13  treated as nonexistent. Ferdik, 963 F.2d at 1262.  Thus, grounds for relief alleged the "Claim

14  for Relief" which are not alleged in an amended complaint or amended petition are waived.

15  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

16         In determining whether to treat this lawsuit as a civil rights action or a habeas corpus

17  petition, Plaintiff should take note that

18              [f]ederal law opens two main avenues to relief on complaints
                related to imprisonment: a petition for habeas corpus, 28 U.S.C.
19              § 2254, and a complaint under . . . 42 U.S.C. § 1983. Challenges
                to the validity of any confinement or to particulars affecting its
20              duration are the province of habeas corpus; requests for relief
                turning on circumstances of confinement may be presented in a
21              § 1983 action.

22  Muhammad v. Close, 540 U.S. 749, 750 (2004) (citation omitted).  In addition, "a state

23  prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought

24  (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading

25  to conviction or internal prison proceedings)–if success in that action would necessarily

26  demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S.

27  74, 81-82 (2005).

28

JDDL                                              - 2 -

1    Federal courts have jurisdiction over applications of a writ of habeas corpus by

2    individuals "in custody pursuant to the **judgment** of a State court" who have first "exhausted

3    the remedies available in the courts of the State." 28 U.S.C. § 2254 (emphasis added). Thus,

4    if Plaintiff is a pretrial detainee, relief would be unavailable pursuant to 28 U.S.C. § 2254.

5    Section 2241, 28 U.S.C., provides an avenue for habeas corpus relief for a pretrial detainee

6    in custody in violation of the Constitution or laws and treaties of the United States. "As an

7    exercise of judicial restraint, however, federal courts elect not to entertain habeas corpus

8    challenges to state court proceedings until habeas petitioners have exhausted state avenues

9    for raising [a] federal claim." Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980).

10   Moreover, the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971),

11   prevents a federal court in most circumstances from directly interfering with ongoing

12   criminal proceedings in state court.

13   **III.   Warnings**

14   **A.    Address Changes**

15   Plaintiff must file and serve a notice of a change of address in accordance with Rule

16   83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other

17   relief with a notice of change of address. Failure to comply may result in dismissal of this

18   action.

19   **B.    Copies**

20   Plaintiff must submit an additional copy of every filing for use by the Court. See

21   LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice

22   to Plaintiff.

23   **C.    Possible Dismissal**

24   If Plaintiff fails to timely comply with every provision of this Order, including these

25   warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at

26   1260-61 (a district court may dismiss an action for failure to comply with any order of the

27   Court).

28

**IT IS ORDERED:**

(1)     Plaintiff's "Claim for Relief" (Doc. #1) is **denied without prejudice**.

(2)     Plaintiff's Request to Proceed *In Forma Pauperis* (Doc. #3) is **denied without prejudice**.

(3)     Within **30 days** of the date this Order is filed, Plaintiff must determine whether he intends to treat this lawsuit as a civil rights lawsuit or a habeas corpus petition.

      (a)     **If** Plaintiff treats his lawsuit as a **civil rights lawsuit**, within 30 days of the date this Order is filed, Plaintiff must:

            (1)     either pay the $350.00 filing fee **or** file a complete Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement, and

            (2)     file a first amended complaint on the court-approved form.

      (b)     **If** Plaintiff treats his lawsuit as a **habeas corpus petition**, within 30 days of the date this Order is filed, Plaintiff must:

            (1)     either pay the $5.00 filing fee **or** file a complete Application to Proceed *In Forma Pauperis*, and

            (2)     file an amended petition on the court-approved form.

(4)     If Plaintiff fails to either pay the appropriate filing fee or file the appropriate, complete Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

(5)     If Plaintiff fails to file either an amended complaint or an amended petition on the appropriate court-approved form within 30 days, the Clerk of Court must enter a judgment of dismissal of this action, without prejudice and without further notice to Plaintiff.

(6)     The Clerk of Court must mail Petitioner a court-approved form for filing (1) an an Application to Proceed *In Forma Pauperis* (Non-Habeas), (2) an Application to Proceed *In Forma Pauperis* (Habeas), (3) a civil rights complaint by a prisoner, and (4) a Petition

1    Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Non-Death

2    Penalty).

3            DATED this 4th day of February, 2009.

4

5

6

7                                              _____
                                               David G. Campbell
8                                              United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

Phoenix & Prescott Divisions:          **OR**          Tucson Division:
U.S. District Court Clerk                                U.S. District Court Clerk
U.S. Courthouse, Suite 130                          U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10            405 West Congress Street
Phoenix, Arizona  85003-2119                      Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
Name: _____
Address:_____
          Attorney for Defendant(s)

_____
(Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint. <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. Counts.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. Issue Involved.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. Supporting Facts.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. Injury.  State precisely how you were injured by the alleged violation of your rights.

5. Administrative Remedies.  You must exhaust any available administrative remedies before you file a civil rights complaint.  See 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____, )<br>(Full Name of Plaintiff)　　Plaintiff, )<br>　　　　　　　　　　　　　　　　 )<br>　　　vs.　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>(1)_____, )<br>(Full Name of Defendant)　　　　　 )<br>(2)_____, )<br>　　　　　　　　　　　　　　　　 )<br>(3)_____, )<br>　　　　　　　　　　　　　　　　 )<br>(4)_____, )<br>　　　　　　Defendant(s). )<br>☐ Check if there are additional Defendants and attach page 1-A listing them. ) | **CASE NO.** _____<br>　　　(To be supplied by the Clerk)<br><br><br>**CIVIL RIGHTS COMPLAINT<br>BY A PRISONER**<br><br>☐ Original Complaint<br>☐ First Amended Complaint<br>☐ Second Amended Complaint |

## A.  JURISDICTION

1.　This Court has jurisdiction over this action pursuant to:
　　　☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
　　　☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
　　　☐ Other: _____.

2.　Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
(Position and Title)                                                      (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
(Position and Title)                                                      (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
(Position and Title)                                                      (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                                      (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   b.  Second prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   c.  Third prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
     ☐ Basic necessities            ☐ Mail            ☐ Access to the court        ☐ Medical care
     ☐ Disciplinary proceedings     ☐ Property        ☐ Exercise of religion       ☐ Retaliation
     ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes    ☐ No
     b.   Did you submit a request for administrative relief on Count I?                     ☐ Yes    ☐ No
     c.   Did you appeal your request for relief on Count I to the highest level?           ☐ Yes    ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**

    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☐ Yes     ☐ No

    b.    Did you submit a request for administrative relief on Count II?     ☐ Yes     ☐ No

    c.    Did you appeal your request for relief on Count II to the highest level?     ☐ Yes     ☐ No

    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities            ☐ Mail              ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings     ☐ Property          ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____ .

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
          at your institution?                                                      ☐ Yes    ☐ No
     b.   Did you submit a request for administrative relief on Count III?           ☐ Yes    ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes    ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
          you did not.  _____
          _____ .

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____         _____
                                DATE                                                    SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

**Instructions for Prisoners Applying for Leave to Proceed *in Forma Pauperis* Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the full filing fee of $350.00 for a civil action. If you later file an appeal, you will be obligated to pay the $455.00 filing fee for the appeal.

If you have enough money to pay the full filing fee, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint, petition, or notice of appeal.

If you do not have enough money to pay the full filing fee, you can file the action without prepaying the filing fee. However, the court will assess an initial partial filing fee. The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit. The court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the court.

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income. The agency that holds you in custody will collect that money and forward it to the court any time the amount in your account exceeds $10.00. The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action *in forma pauperis*, you must complete the attached form and return it to the court with your complaint. You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months. If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from each institution at which you were confined. If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed *in forma pauperis* will be denied.

Even if some or all of the filing fee has been paid, the court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action *in forma pauperis* unless you are in imminent danger of serious physical injury.

Revised 4/9/06

Name and Prisoner/Booking Number

Place of Confinement

Mailing Address

City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ , ) CASE NO. _____
                    Plaintiff,              )
                                            )
        vs.                                 )           APPLICATION TO PROCEED
                                            )           *IN FORMA PAUPERIS*
_____ , )           BY A PRISONER
                    Defendant(s).           )           CIVIL (NON-HABEAS)
_____             )

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1.  Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained?
    ☐Yes   ☐No    If "Yes," how many have you filed? _____.
    Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?   ☐Yes   ☐No    If "Yes," how many of them? _____.

2.  Are you currently employed at the institution where you are confined?                    ☐Yes        ☐No
    If "Yes," state the amount of your pay and where you work. _____
    _____
    _____

3.  Do you receive any other payments from the institution where you are confined?   ☐Yes        ☐No
    If "Yes," state the source and amount of the payments. _____
    _____
    _____

4.  Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?  ☐Yes   ☐No

If "Yes," state the sources and amounts of the income, savings, or assets.  _____

_____

_____

I declare under penalty of perjury that the above information is true and correct.

_____          _____
DATE                              SIGNATURE OF APPLICANT

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

I, _____, hereby consent to having the designated correctional officials at this institution release to the Court my trust account information.  I further consent to having the designated correctional officials at this institution withdraw from my trust account the funds required to comply with the order of this Court for the payment of filing fees in accordance with 28 U.S.C. § 1915(b).

My consent includes withdrawal from my account by correctional officials of partial initial payments to this Court equal to 20% of the greater of:

(A)  the average monthly deposits to my account for the six-month period preceding my filing of this action, or

(B)  the average monthly balance in my account for the six-month period preceding my filing of this action.

My consent also includes monthly withdrawals from my account by correctional officials of an amount equal to 20% of each month's income.  Whenever the amount in my account reaches $10.00, correctional officials will withdraw that amount and forward it to the Court until the required filing fee is paid in full.  I understand that I am liable for paying the entire fee, even if my case is dismissed by the Court before the fee is fully paid.

_____          _____
DATE                              SIGNATURE OF APPLICANT

## CERTIFICATE OF CORRECTIONAL OFFICIAL
## AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
(Printed name of official)

The applicant's trust account balance at this institution is:            $_____

The applicant's average monthly deposits during the prior six months is:  $_____

The applicant's average monthly balance during the prior six months is:   $_____

The attached certified account statement accurately reflects the status of the applicant's account.

_____
DATE        AUTHORIZED SIGNATURE        TITLE/ID NUMBER        INSTITUTION

**Instructions for Filing a Petition Under 28 U.S.C. § 2254
for a Writ of Habeas Corpus by a Person in State Custody
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence on the grounds that your conviction or sentence violates the United States Constitution or other federal law.  You also may use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.  **This form should not be used in death penalty cases.**  If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages.  The form, however, must be completely filled in to the extent applicable.  You do not need to cite law.  If you want to file a brief or arguments, you must attach a separate memorandum.

3.  <u>Your Signature</u>. You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $5.00.  If you are unable to pay the filing fee, you may request permission to proceed *in forma pauperis* by completing and signing the Application to Proceed *In Forma Pauperis* provided with the petition form.  You must have an official at the prison or jail complete the certificate at the bottom of the application form.  If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee.  LRCiv 3.5(b).

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your petition and of any other document submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should **file your petition in the division where you were convicted**.  <u>See</u> LRCiv 5.1(b).  If you are challenging a judgment of conviction entered in Maricopa, Pinal, Yuma, La Paz, or Gila County, file your petition in the Phoenix Division. If you are challenging a judgment of conviction entered in Apache, Navajo, Coconino, Mohave, or Yavapai County, file your petition in the Prescott Division.  If you are challenging a judgment of conviction entered in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file your petition in the Tucson Division.  <u>See</u> LRCiv 5.1(b) and 77.1(a).

**Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  Change of Address.  You must immediately notify the Court and respondents in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed *in forma pauperis* application).  Each original document (except the initial petition and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to which it was mailed.  Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>         Attorney for Respondent(s)
> _____
> (Signature)

9.  Amended Petition.  If you need to change any of the information in the initial petition, you must file an amended petition.  The amended petition must be written on the court-approved form.  You may file one amended petition without leave (permission) of Court before any respondent has answered your original petition.  See Fed. R. Civ. P. 15(a).  After any respondent has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended petition. LRCiv 15.1.  An amended petition may not incorporate by reference any part of your prior petition.  LRCiv 15.1(a)(2).  **Any grounds not included in the amended petition are considered dismissed.**

10.  Exhibits.  If available, you should attach a copy of all state and federal court written decisions regarding the conviction you are challenging.  Do **not** submit any other exhibits with the petition.  Instead, you should paraphrase the relevant information in the petition.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Warnings.

   a.  Judgment Entered by a Single Court.  You may challenge the judgment entered by only one court.  Multiple counts which resulted in a judgment by the same court may be challenged in the same petition.  If you wish to challenge judgments entered by more than one court, however, you must file separate petitions for each judgment.

   b.  Grounds for Relief.  You must raise all grounds for relief that relate to this conviction or sentence.  Any grounds not raised in this petition will likely be barred from being raised in any subsequent federal action.

   c.  Exhaustion.  In order to proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts as to each claim on which you request action by the federal court.  If you did not fairly present each of your grounds to the Arizona Court of Appeals, your petition may be dismissed.  If you did not present one or more of your grounds to the Arizona Court of Appeals, explain why you did not.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your petition being stricken or dismissed by the Court.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,   )
(Full Name of Petitioner)                                  )
                 Petitioner,                       )
                                             )
                 vs.                                  )   **CASE NO.** _____
                                             )              (To be supplied by the Clerk)
_____ ,   )
(Name of the Director of the Department of      )
Corrections, Jailor or authorized person having   )
custody of Petitioner)                              )   **PETITION UNDER 28 U.S.C. § 2254**
                                             )   **FOR A WRIT OF HABEAS CORPUS**
                 Respondent,                       )   **BY A PERSON IN STATE CUSTODY**
                 and                               )   **(NON-DEATH PENALTY)**
The Attorney General of the State of _____ ,   )
                                             )
                Additional Respondent.             )
_____ )

## PETITION

1.  (a)  Name and location of court that entered the judgment of conviction you are challenging: _____

    _____

    (b)  Criminal docket or case number: _____

2.  Date of judgment of conviction: _____

3.  In this case, were you convicted on more than one count or crime?     Yes ☐       No ☐

**530**

4.  Identify all counts and crimes for which you were convicted and sentenced in this case: _____

_____

_____

_____

5.  Length of sentence for each count or crime for which you were convicted in this case: _____

_____

_____

_____

6.  (a) What was your plea?
    Not guilty              ☐
    Guilty                ☐
    Nolo contendere (no contest)    ☐

(b)  If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: _____

_____

_____

_____

(c)  If you went to trial, what kind of trial did you have?  (Check one)     Jury ☐      Judge only ☐

7.  Did you testify at the trial?     Yes ☐      No ☐

8.  Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
Yes ☐    No ☐

If yes, answer the following:

(a)  Date you filed: _____

(b)  Docket or case number: _____

(c)  Result: _____

(d)  Date of result: _____

(e)  Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

9.   Did you appeal to the Arizona Supreme Court?         Yes ☐          No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____

_____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

10.  Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐     No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____

_____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

11.  Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any state court?         Yes ☐          No ☐

    If yes, answer the following:

(a)  First Petition.

    (1)  Date you filed: _____

    (2)  Name of court: _____

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)  Docket or case number: _____

    (5)  Result: _____

    (6)  Date of result: _____

    (7)  Grounds raised: _____

_____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b)  Second Petition.

    (1)  Date you filed: _____

    (2)  Name of court: _____

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)  Docket or case number: _____

    (5)  Result: _____

    (6)  Date of result: _____

    (7)  Grounds raised: _____

_____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(c)  Third Petition.

    (1)  Date you filed: _____

    (2)  Name of court: _____

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)  Docket or case number: _____

    (5)  Result: _____

    (6)  Date of result: _____

    (7)  Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(d)  Did you appeal the action taken on your petition, application, or motion to the:

|  | <u>Arizona Court of Appeals:</u> |  | <u>Arizona Supreme Court:</u> |  |
|---|---|---|---|---|
| (1)  First petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (2)  Second petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (3)  Third petition | Yes ☐ | No ☐ | Yes ☐ | No ☐ |

(e)  If you did not appeal to the Arizona Court of Appeals, explain why you did not: _____

_____

_____

_____

_____

_____

12.  For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

    <u>**CAUTION:**  To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE**: _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground One to the Arizona Court of Appeals?  Yes ☐        No ☐

(c) If yes, did you present the issue in a:
       Direct appeal      ☐
       First petition      ☐
       Second petition    ☐
       Third petition     ☐

(d)  If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why: _____

_____

_____

_____

(e) Did you present the issue raised in Ground One to the Arizona Supreme Court?  Yes ☐        No ☐

**GROUND TWO**: _____

_____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b) Did you present the issue raised in Ground Two to the Arizona Court of Appeals?  Yes ☐      No ☐

    (c) If yes, did you present the issue in a:

          Direct appeal       ☐
          First petition       ☐
          Second petition    ☐
          Third petition      ☐

    (d)  If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why: ____

_____

_____

_____

    (e) Did you present the issue raised in Ground Two to the Arizona Supreme Court?  Yes ☐      No ☐

**GROUND THREE**: _____
_____
_____
_____
_____
_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals?  Yes ☐     No ☐

(c) If yes, did you present the issue in a:
          Direct appeal     ☐
          First petition     ☐
          Second petition   ☐
          Third petition    ☐

(d)  If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: ___
_____
_____
_____

(e) Did you present the issue raised in Ground Three to the Arizona Supreme Court?  Yes ☐     No ☐

**GROUND FOUR**: _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Four to the Arizona Court of Appeals?  Yes ☐       No ☐

(c) If yes, did you present the issue in a:
          Direct appeal           ☐
          First petition          ☐
          Second petition         ☐
          Third petition          ☐

(d)  If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why: ____

_____

_____

_____

(e) Did you present the issue raised in Ground Four to the Arizona Supreme Court?  Yes ☐       No ☐

9

**Please answer these additional questions about this petition:**

13.  Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition?      Yes ☐          No ☐

     If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available: _____

_____

_____

_____

_____

_____

14.  Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging?   Yes ☐          No ☐

     If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____

_____

_____

_____

_____

_____

15.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?      Yes ☐          No ☐

     If yes, answer the following:

     (a) Name and location of the court that imposed the sentence to be served in the future:

_____

_____

_____

     (b)  Date that the other sentence was imposed: _____

     (c)  Length of the other sentence: _____

     (d)  Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future?      Yes ☐          No ☐

16.  TIMELINESS OF PETITION: If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*Section 2244(d) provides in part that:
    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
        (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
        (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
        (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
    (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

17.  Petitioner asks that the Court grant the following relief: _____

_____

_____

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)

    I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, day, year).

_____

**Signature of Petitioner**

_____          _____

Signature of attorney, if any                              Date

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| _____, ) | | |
| Petitioner, ) | CASE NO. _____ | |
| vs. ) | | |
| _____, ) | APPLICATION TO PROCEED | |
| Respondent(s). ) | *IN FORMA PAUPERIS* | |
| ) | BY A PRISONER | |
| | (HABEAS) | |

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently employed at the institution where you are confined?   **G**Yes   **G**No
   If "Yes," state the amount of your pay and where you work. _____
   _____
   _____

2. Do you receive any other payments from the institution where you are confined?   **G**Yes   **G**No
   If "Yes," state the source and amount of the payments. _____
   _____
   _____

3.  Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                                                                       **G**Yes          **G**No
    If "Yes," state the sources and amounts of the income, savings, or assets. _____
    _____
    _____


    I declare under penalty of perjury that the above information is true and correct.


    _____                    _____
              DATE                                              SIGNATURE OF APPLICANT


    ████████████████████████████████████████████████████████████████████


                    CERTIFICATE OF CORRECTIONAL OFFICIAL
                 AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

    I, _____, certify that as of the date applicant signed this application:
              (Printed name of official)

    The applicant's trust account balance at this institution is:  $_____.

    _____
    DATE                AUTHORIZED SIGNATURE            TITLE/ID NUMBER            INSTITUTION